UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROBERT MARTIN, individually and on behalf             Case No. 1:19-cv-1147
of all others similarly situated,

                  Plaintiff,

                                             ***FIRST AMENDED***
*-against-*                                     ***CLASS ACTION***
                                             ***COMPLAINT***
MIDLAND CREDIT MANAGEMENT, INC.,
MIDLAND FUNDING, LLC and
DOES 1 through 10, inclusive,

                 Defendants.
-----------------------------------------------------------------X

       Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his class action

complaint against the Defendants MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND

FUNDING, LLC alleges as follows:

### INTRODUCTION

1.     This is an action for actual, statutory and punitive damages brought by an individual

       consumer and on behalf of a class for the Defendants' violations of the Fair Debt

       Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt

       collectors from engaging in abusive, deceptive and unfair practices.

### PARTIES

2.     Plaintiff is a citizen of the State of New York residing in Auburn, New York.

3.     Upon information and belief, the Defendant MIDLAND CREDIT MANAGEMENT,

       INC. is a debt collector as defined pursuant to 15 U.S.C. § 1692 a(6) with its principal

       place of business in San Diego, CA.

4.     Upon information and belief, the Defendant MIDLAND FUNDING, LLC, is a creditor

       who is incorporated under the laws of Delaware and located in San Diego, CA.

## JURISDICTION

5.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. §1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendants regularly conduct business in this district.

## FACTUAL ALLEGATIONS

6.     The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

7.     That a personal debt was allegedly incurred by the Plaintiff to one Capital One Bank (USA), N.A.

8.     That at a time unknown to the Plaintiff herein, the aforementioned debt was referred to and/or assigned to the Defendants for collection.

*Count One*

9.     The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

10.    That Defendant MIDLAND CREDIT MANAGEMENT, INC. mailed Plaintiff a dunning notice on behalf of Defendant MIDLAND FUNDING, LLC dated November 16, 2018 in an attempt to collect a debt.

11.    That Defendants' November 16th letter states in pertinent part: **"This letter is to inform you that we are considering forwarding this account to an attorney in your state for possible litigation…If we don't hear from you or receive payment by 12-12-2018, we may proceed with forwarding this account to an attorney."**

12.    That Defendants' November 16th letter went on to advise Plaintiff of the following, in pertinent part: **"If the account goes to an attorney, our flexible options may no longer be available to you."**

13.    That upon information and belief, Defendants' statements are false and misleading insofar as they lead least sophisticated consumers like the Plaintiff to believe that any

flexible payment options would be exhausted and unavailable if they did not receive a response by a date certain.

14. That upon information and belief, the deadline(s) made by Defendants were illusory and arbitrary in order to further confuse and mislead Plaintiff as to the status of his account.

15. That Defendants'statements are comprised of deceptive, misleading and overshadowing language, confusing the Plaintiff as to his consumer rights.

*Count Two*

16. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

17. That Defendants mailed Plaintiff another dunning notice dated December 14, 2018 in an attempt to collect a debt.

18. That Defendants' December 14th letter is entitled in large, all- caps and bold print, **"PRE-LEGAL NOTIFICATION"**

19. That according to Defendants' December 14th letter, **"…(MCM) will transition your account into the attorney review process…"**

20. That Defendants' December 14th letter advised Plaintiff of the following, in pertinent part: **"If your account is moved to an attorney or legal firm, the MCM Pre-Legal Department will be unable to offer a flexible payment arrangement or stop any potential litigation process."**

21. That Defendants' December 14th letter also stated contained the following warning, in pertinent part: **"This is the final written communication you will receive prior to entering the legal review process.  Your prompt attention is necessary to avoid the possibility of legal action."**

22. That contrary to Defendants' representations in its previous letter dated November 16th to the Plaintiff, Defendants did in fact reiterate and extend certain options to Plaintiff such as a "flexible payment arrangement" although it previously threatened that said options would no longer be available.

3

23.    That Defendants' notices used language to create a deceptive sense of urgency in Plaintiff and implied certain deadlines, which would change with each subsequent dunning notice.

24.    That Defendants' letters use false, deceptive and misleading language to suggest imminent legal action which cannot legally be taken or is not actually intended to be taken, and is actually designed to coerce payment under duress.

*Count Three*

25.    The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

26.    That Plaintiff subsequently contacted Defendant MIDLAND CREDIT MANAGEMENT, INC. by phone on or about January 30, 2019 to obtain more information about Defendants' collection letters.

27.    That one of Defendant's agents immediately demanded full payment from the Plaintiff.

28.    That Plaintiff advised Defendant's agent that he could not make an immediate payment over the phone, but that he could make a payment in a few days as a good faith effort to pay off the alleged balance.

29.    That Defendant's agent repeatedly demanded that any payment from Plaintiff must be made in full, to which Plaintiff responded that he could only make a partial payment in a few days.

30.    That Defendant's agent then demanded that a payment be made the following day.

31.    That Plaintiff explained that he could not make a payment the next day, to which Defendant's agent demanded that a payment for the full amount be made on or about the end of February.

32.    That Defendant's agent warned Plaintiff that if the payment was not made accordingly, Plaintiff's account would be sent to a lawyer for legal action.

33.    That Defendant's agent made conflicting representations regarding payment amounts and deadlines, leading Plaintiff to believe that he had no viable options but to make a payment in full in order to avoid legal action.

34.     That Plaintiff became increasingly confused and anxious as a result of Defendant's
        misleading and deceptive representations.

35.     That despite the representations and warnings it made in its previous dunning letters,
        Defendants were willing to accept a payment past its original deadlines.

36.     That Defendants' communications contain language demonstrating false statements,
        threatening implications, and deceptive representations, misleading confusing and
        overshadowing language which contradicts the consumers' rights.

*Count Four*

37.     The Plaintiff repeats and realleges each and every allegation set forth above as if
        reasserted and realleged herein.

38.     That subsequent to the filing and service of this instant lawsuit upon Defendants, they
        unlawfully continued their collection efforts against Plaintiff.

39.     That despite Defendants having notice of this case and Plaintiff being represented by
        counsel, Defendants continued to communicate with Plaintiff and unlawfully withdrew
        funds from Plaintiff's bank account in their attempts to collect on his alleged debt by
        means of duress.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

40.     The Plaintiff repeats and realleges each and every allegation set forth above as if
        reasserted and realleged herein.

41.     That in their attempts to collect a debt, Defendants used false, deceptive, misleading and
        overshadowing language, confusing the Plaintiff as to his consumer rights.

42.     That Defendants' use of deceptive language contains false statements and threats of
        action that cannot legally be taken or that are not actually intended to be taken and are
        designed to coerce payment under duress.

43.     That the Defendants, in an attempt to collect a debt, engage in a pattern or practice of

communicating with consumers where the representations made by the Defendants are harassing, confusing, misleading, deceptive and/or unfair.

44.    Defendants' conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (c), (d), (e) and (f)  in that the representations made by the Defendants are harassing, confusing, misleading, deceptive, unfair and fail to advise the Plaintiff (the consumer) of his legal rights as required by law.

1.    Defendants violated 15 U.S.C. § 1692c by continuing to communicate with the Plaintiff where they knew Plaintiff was represented by an attorney;

2.    Defendants violated 15 U.S.C. § 1692d by harassing the Plaintiff;

3.    Defendants violated 15 U.S.C. § 1692e by making false representations and by using deceptive means in an attempt to collect a debt; and

4.    Defendants violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect a debt.

45.    That following Defendants' conduct, Plaintiff suffered actual damages, including, but not limited to: stress, anxiety, extreme humiliation and sleepless nights.

46.    That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendants are liable to the Plaintiff for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## CLASS ALLEGATIONS

47.    The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

48.    The first cause of action is brought on behalf of Plaintiff and the members of a class.

49.    The Class consists of all persons whom Defendants' records reflect (a) resided in the state of New York, (b) received collection notices bearing the Defendants' letterhead in substantially the same form as the letter(s) sent to the Plaintiff, (c) the correspondence

was sent to consumers seeking payment of a consumer debt; and (d) that the correspondence contained violations of 15 U.S.C. §§ 1692d, 1692e and 1692f.

50.    The class consists of consumers who suffered injuries as alleged in this complaint directly and proximately caused by Defendants' misleading and deceptive communications.

51.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

1.    Upon information and belief, the class includes hundreds of consumers, therefore the class is so numerous that joinder of all members is impracticable.

2.    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA by making false, misleading and deceptive representations in its attempts to collect a debt.

3.    The only individual issue is the identification of the consumers who received said letters, a matter capable of ministerial determination from Defendants' records.

4.    The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

5.    The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and claims pursuant to the FDCPA.  The Plaintiff's interests are consistent with those of the members of the class.

52.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA.  The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

53. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

54. Defendants were negligent and violated the FDCPA. Defendants' violations include, but are not limited to, the following:

1. Defendants violated 15 U.S.C. § 1692d by harassing the Plaintiff;

2. Defendants violated 15 U.S.C. § 1692e by making false representations and by using deceptive means in an attempt to collect a debt; and

3. Defendants violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect a debt.

WHEREFORE, Plaintiff demands judgment against Defendants for statutory, actual, compensatory and punitive damages in an amount to be determined at the time of trial on behalf of the class; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

Dated:    March 20, 2019              /s/ Amir J. Goldstein, Esq.
                                      Amir J. Goldstein, Esq. (AG-2888)
                                      **Attorney for the Plaintiff**
                                      166 Mercer Street, Suite 3A
                                      New York, New York 10012
                                      (212) 966- 5253 phone
                                      (212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

                                      /s/ Amir J. Goldstein, Esq.
                                      Amir J. Goldstein  (AG-2888)

8

## CERTIFICATE OF SERVICE

I, Amir J. Goldstein, Esq., hereby certify that on March 20, 2019, I served the within "First Amended Class Action Complaint" upon the Defendants as reflected below via ECF/email:

- Han Sheng Beh: hbeh@hinshawlaw.com

- Ellen Beth Silverman: esilverman@hinshawlaw.com

        ___/S/ AJG_____
        Amir J. Goldstein, Esq.